# United States Bankruptcy Court
# for the Eastern District of Pennsylvania

In re**:  Cecily M. Kellogg**                                              Case No.
**Charles A. O'Hay,** *Debtors*                                        Chapter 13

### Debtors' Chapter 13 Plan

1.  If the instant estate were liquidated under Chapter 7 of the Bankruptcy Code, the allowed unsecured claimants would be paid **$0.00.**

2.  Under this plan the allowed unsecured claimants will not receive less than that amount.

3.  The Debtor shall submit to the supervision and control of the trustee the following sums:

    a.     **$350.00** a month for 54 months.

4.  The various claims of the Debtor's creditors shall be classified as follows:

    a.     Class one:  Claims filed and allowed which are entitled to priority under 11 U.S.C. §507.

    b.     Class two:  All allowed secured claims secured by a lien which is not avoidable by the Debtor under 11 U.S.C. §522.

    c.     Class three:  All other claims.

5.  The payments received by the trustee from the Debtor pursuant to this plan shall be distributed as follows:

    a. Class one claims:  The amount paid by the Debtor to the trustee shall be distributed to the class one claims, pro rata, until they are paid in full.
    1.     **Chapter 13 Trustee to receive not more than 10% commission.**

    2.     **Attorney's fees:  $2,500.00 ($500.00 paid outside the plan.  $2,000.00 to be paid through the plan.)**

    3.     **Debtors' 2008 income taxes due the Commonwealth of Pennsylvania to be paid through the plan.**

    b. Class two claims:  After the application of the appropriate amount each month to the class one claims, the entire amount of the monthly payment shall be distributed, pro rata, to the holders of the class two claims until each such claimant shall have received 100% of the amount allowed on each claim.

**Mortgage arrears due Ocwen Loan Servicing LLC to be paid through the plan.  Debtors' regular monthly mortgage payments to be paid outside the plan.**

c. Class three claims:  After the application of the appropriate amount each month to the class one and class two claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed, pro rata, to the holders of the class three claims.

6.  All creditors holding Class 2 claims shall continue or resume billing Debtors in the normal course and shall allow Debtors the same internet or other electronic access to their account information to which they were entitled prior to the filing of this case.  Such normal billing practices shall not be considered by Debtors to be a violation of 11 USC §362 and debtors hereby waive any claim they may have against any Class 2 creditor for providing Debtors with periodic  bills and with electronic access to their accounts.

7.  To the extent that any claim is fully or partially unsecured pursuant to 11 U.S.C. § 506(a), that portion of the claim which is unsecured shall be provided for as a class three (unsecured) claim under this plan.  Creditors holding such claims shall retain their liens only to the extent of their allowed secured claims.  To the extent that the allowed secured claim is paid during this case or thereafter, such creditors' liens shall be reduced.  Once the allowed secured claim has been paid in full, either during or after the pendancy of this case, the creditor holding such claim shall promptly mark any lien securing such claim as satisfied in the appropriate public records.

8.  By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, so long as this case remains pending.

9.  Confirmation of this plan shall constitute a finding that the plan constitutes the Debtors' best effort under all the circumstances to pay their creditors, within the meaning of 11 U.S.C.  §727(a)(9).

10.  Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. §1322 that there is cause for extending the plan beyond three years.  Confirmation shall also constitute approval of such extension, such extension being essential to the success of the plan.

11.  Upon satisfaction or other discharge of a security interest in a motor vehicle or other property of the estate for which the certificate of title is in the possession of a secured party, the secured party shall within 10 days after receipt of final payment due and owing execute a release of its security interest on the title or certificate, in the space provided therefore on the certificate or the Department of Transportation prescribes, and mail or deliver the title or certificate to the debtors or their attorney.  Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

12.  Confirmation of this plan shall constitute a finding and order that the fee proposed to be paid to the trustee is adequate.

      13.  Any money or property acquired by either the trustee or the Debtor or refunded from the trustee's percentage fees, while this case is pending shall be deemed exempt property of the debtors if exemptible, and shall be forthwith delivered to the Debtor.

      14.  If the debtors default after filing the petition, on any payment to a utility entitled to adequate assurance under 11 U.S.C. §366, then that debt shall, upon application of said utility, become a class one claim under this plan.  This priority shall be deemed adequate assurance of the utility's future payments.

      15.  The following executory contracts are rejected, with the refunds of prepaid charges claimed as exempt property:  **n/a.**

      16.  The following liens are avoided pursuant to §522(f): **n/a**

      17.  Upon completion of this plan, all debts listed in the Debtors' chapter 13 statement, except those excepted by 11 U.S.C. §1328(a), shall be discharged.

      18.  If prior to the expiration of the period set forth in paragraph 3 of this plan all filed claims provided for in this plan are paid in full, this plan shall terminate on that date.


Date:  November 1, 2010          s/Cecily M. Kellogg
                                                         **Cecily M. Kellogg**


Date:  November 1, 2010          s/Charles A. O'Hay
                                                         **Charles A. O'Hay**


Acceptances may be sent to:
**Katherine Schreiber, Esq.
1414 Bywood Avenue
Upper Darby, PA  19082**